UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| UNITED STATES OF AMERICA | **SEALED INDICTMENT** |
| v. | 24 Cr. |
| ANIL MATHEWS, | |
| Defendant. | **24 CRIM 630** |

## COUNT ONE
**(Conspiracy to Commit Securities Fraud, to Make False Filings with the Securities and Exchange Commission, to Improperly Influence the Conduct of Audits, and to Falsify Books and Records)**

The Grand Jury charges:

1.       From at least in or about 2021 through at least in or about December 2023, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly combined, conspired, confederated, and agreed together and with each other to commit offenses against the United States, to wit, securities fraud, in violation of Title 15, United States Code, Sections 78j (b) and 78ff, and Title 17, Code of Federal Regulations, Section 240.10b-5; making false and misleading statements of material fact in a registration statement required to be filed with the United States Securities and Exchange Commission under the Securities Act of 1933 and the rules and regulations promulgated thereunder, in violation of Title 15, United States Code, Section 77x; making false and misleading statements of material fact in applications, reports and documents required to be filed with the United States Securities and Exchange Commission under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, in violation of Title 15, United States Code, Sections 78m(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.12b-20,

240.13a-1, 240.13a-11, and 240.13a-13; improperly influencing the conduct of audits, in violation of Title 15, United States Code, Sections 7202, 7242, and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2; and falsifying corporate books and records, in violation of Title 15, United States Code, Sections 78m(b)(2), 78m(b)(5).

2.      It was a part and an object of the conspiracy that ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly, directly and indirectly, by the use of a means and instrumentality of interstate commerce and of the mails, and of a facility of a national securities exchange, would and did use and employ, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.10b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made, in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in violation of Title 15, United States Code, Sections 78j(b) and 78ff.

3.      It was further a part and an object of the conspiracy that ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly would and did make, in a registration statement filed under subchapter I of Title 15 of the United States Code, an untrue statement of a material fact and omit to state a material fact required to be stated therein and necessary to make the statements therein not misleading, in violation of Title 15, United States Code, Section 77x.

4.      It was further a part and an object of the conspiracy that ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly would and did make and

2

cause to be made a statement in reports and documents required to be filed with the United States Securities and Exchange Commission under the Securities Exchange Act of 1934 and the rules and regulations promulgated thereunder, which statement was false and misleading with respect to a material fact, in violation of Title 15, United States Code, Sections 78m(a) and 78ff, and Title 17, Code of Federal Regulations, Sections 240.12b-20, 240.13a-1, 240.13a-11, and 240.13a-13.

5.    It was further a part and an object of the conspiracy that ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly, as an officer and director of an issuer, and another person acting under the direction thereof, would and did take an action to fraudulently influence, coerce, manipulate, and mislead an independent public and certified accountant engaged in the performance of an audit of the financial statements of an issuer for the purpose of rendering such financial statements materially misleading, by, directly and indirectly, (a) making, and causing to be made, a materially false and misleading statement to an accountant, and (b) omitting to state, and causing another person to omit to state, a material fact necessary in order to make the statements made, in light of the circumstances under which such statements were made, not misleading, to an accountant; with such false statement and omission being in connection with an audit, review and examination of required financial statements of the company and the preparation and filing of documents and reports required to be filed with the United States Securities and Exchange Commission, in violation of Title 15, United States Code, Sections 7202, 7242, and 78ff, and Title 17, Code of Federal Regulations, Section 240.13b2-2.

6.    It was further a part and an object of the conspiracy that ANIL MATHEWS, the defendant, and others known and unknown, willfully and knowingly falsified a book, record, and account, which were required, in reasonable detail, to accurately and fairly reflect the transactions and dispositions of the assets of an issuer of a class of securities registered pursuant to Title 15,

3

United States Code, Section 78l, in violation of Title 15, United States Code, Sections 78m(b)(2), 78m(b)(5), and 78ff.

Overt Acts

7. In furtherance of the conspiracy and to effect the illegal objects thereof, the following overt acts, among others, were committed in the Southern District of New York and elsewhere:

a. In or about January 2021, ANIL MATHEWS, the defendant, the then-Chief Executive Officer of Near Intelligence, Inc. (including its subsidiary, affiliate, and successor entities, collectively, "Near"), in combination with other executives of Near, acquired a 10% ownership interest in one of Near's largest customers and counterparties ("Customer-1"), located in New York, New York, through a Singapore private limited company, Uniqequity PTE LTD, for approximately $2,000,000.

b. On or about May 27, 2021, MATHEWS sent an email to a member of Near's finance department directing the employee to pay Customer-1, $1,185,569.00, as an initial payment in a scheme to inflate Near's revenue through "roundtripping" transactions.

c. On or about June 30, 2022, MATHEWS caused KludeIn I Acquisition Corp. to issue a registration statement on SEC Form S-4 that contained materially false information about Near's financial performance.

d. On or about May 10, 2022, MATHEWS signed a management representation letter to Near's outside auditor (the "Audit Firm").

e. On or about May 18, 2023, MATHEWS signed a management representation letter to the Audit Firm.

f.        On or about March 28, 2023, Near filed Form 8-K for a press release announcing its financial results for the year ended December 31, 2022, which contained statements of MATHEWS concerning those results and Near's revenue.

g.        On or about May 15, 2023, Near filed Form 8-K for a press release announcing its financial results for the first quarter of 2023, which contained statements of MATHEWS concerning those results and Near's revenue.

h.        On or about May 18, 2023, MATHEWS signed Near's Form 10-Q for the first quarter of 2023.

i.        On or about August 14, 2023, MATHEWS signed Near's From 10-Q for the second quarter of 2023.

j.        On or about August 14, 2023, Near filed Form 8-K for a press release announcing its financial results for the second quarter of 2023, which contained statements of MATHEWS concerning those results and Near's revenue.

## COUNT TWO
### (Securities Fraud)

The Grand Jury further charges:

8.        From at least in or about 2021 through at least in or about December 2023, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, willfully and knowingly, directly and indirectly, by use of a means and instrumentality of interstate commerce, and of the mails, and of a facility of a national securities exchange, used and employed, in connection with the purchase and sale of a security, a manipulative and deceptive device and contrivance, in violation of Title 17, Code of Federal Regulations, Section 240.l0b-5, by: (a) employing a device, scheme, and artifice to defraud; (b) making an untrue statement of a material fact and omitting to state a material fact necessary in order to make the statements made,

in the light of the circumstances under which they were made, not misleading; and (c) engaging in an act, practice, and course of business which operated and would operate as a fraud and deceit upon a person, in the light of the circumstances under which they were made, not misleading, to wit, MATHEWS engaged in a scheme to defraud purchasers and holders of Near and KludeIn securities by fraudulently inflating Near's publicly reported revenue .

(Title 15, United States Code, Sections 78j (b) and 78ff;
Title 17, Code of Federal Regulations, Section 240.l0b-5;
and Title 18, United States Code, Section 2.)

## COUNT THREE
### (Wire Fraud)

The Grand Jury further charges:

9.      From at least in or about May 2022 through at least in or about 2024, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, knowingly having devised and intending to devise a scheme and artifice to defraud, and for obtaining money and property by means of false and fraudulent pretenses, representations, and promises, transmitted and caused to be transmitted by means of wire, radio, and television communication in interstate and foreign commerce, writings, signs, signals, pictures, and sounds, for the purpose of executing such scheme and artifice, to wit, MATHEWS engaged in a scheme to embezzle funds from Near in order to pay for his luxury housing in Laguna Beach, California, including by transferring funds through New York, New York.

(Title 18, United States Code, Sections 1343 and 2.)

## COUNT FOUR
### (Aggravated Identity Theft)

The Grand Jury further charges:

10.    From at least in or about May 2022 through at least in or about 2024, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, knowingly transferred, possessed, and used, without lawful authority, a means of identification of another person, during and in relation to a felony violation enumerated in Title 18, United States Code, Section 1028A(c), to wit, MATHEWS used and transferred the names and personal address of other persons during and in relation to the wire fraud scheme charged in Count Three of this Indictment.

(Title 18, United States Code, Sections 1028A(a)(1), 1028A(b), and 2.)

## COUNT FIVE
### (Making False Statements)

The Grand Jury further charges:

11.    On or about April 26, 2024, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up a material fact by trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, to wit, MATHEWS falsely stated to Special Agents from the Federal Bureau of Investigation (the "FBI"), who were assigned from the FBI's field office in New York, New York, to investigate the schemes charged in Counts One through Four of this Indictment, in substance and in part, that he never had a financial interest in Customer-1 and did not know if Near's former Chief Financial Officer ever had any financial interest in Customer-1, when in truth and in fact, MATHEWS knew that both he and Near's former CFO had owned an approximately 10% equity interest in Customer-1.

7

(Title 18, United States Code, Section 1001.)

## COUNT SIX
### (Making False Statements)

The Grand Jury further charges:

12.    On or about October 22, 2024, in the Southern District of New York and elsewhere, ANIL MATHEWS, the defendant, in a matter within the jurisdiction of the executive branch of the Government of the United States, knowingly and willfully falsified, concealed, and covered up a material fact by trick, scheme, and device a material fact, and made a materially false, fictitious, and fraudulent statement and representation, to wit, MATHEWS falsely stated to Special Agents from the FBI, who were assigned from the FBI's field office in New York, New York, to investigate the schemes charged in Counts One through Four of this Indictment, in substance and in part, that MATHEWS was going to a meeting in Los Angeles, California, and would meet agents with the FBI in 20 to 30 minutes to surrender his passports, when in truth and in fact, MATHEWS was not in Los Angeles, was not planning to surrender his passports to the FBI, and was in the process of attempting to flee the United Sates to avoid prosecution.

(Title 18, United States Code, Section 1001.)

## FORFEITURE ALLEGATION

13.    As a result of committing one or more of the offenses charged in Counts One, Two, and Three this Indictment, ANIL MATHEWS, the defendant, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, all property, real and personal, that constitutes or is derived from proceeds traceable to the commission of said offenses, including but not limited to a sum of money in United States

8

currency representing the amount of proceeds traceable to the commission of said offenses that the defendant personally obtained.

## Substitute Assets

14.    If any of the above-described forfeitable property, as a result of any act or omission by the defendant:

      a.    cannot be located upon the exercise of due diligence;

      b.    has been transferred or sold to, or deposited with, a third party;

      c.    has been placed beyond the jurisdiction of the court;

      d.    has been substantially diminished in value; or

      e.    has been commingled with other property which cannot be divided without

difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), and

Title 28, United States Code Section 2461, to seek forfeiture of any other property of the defendant

up to the value of the forfeitable property described above.

(Title 18, United States Code, Section 981(a)(C);
Title 21, United States Code, Section 853(p);
Title 28, United States Code, Section 2461.)

_____
FOREPERSON

_____
DAMIAN WILLIAMS
United States Attorney

9